IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| JERRY BAKER<br><br>        Plaintiff<br><br>v.<br><br>BAKER COUNTY<br><br>        Defendant | Case No. 2:24-cv-1503<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMAND** |

1. Defendant Baker County (the "County") has a longstanding policy of seizing properties that owe property taxes, auctioning them for substantially more than the money owed, and keeping all the profits for itself. The County's policy deprives residents of all the equity that they accrued in their property. In May 2023, the Supreme Court unanimously held that this kind of policy, which had been practiced in a minority of states, violates the Takings Clause of the U.S. Constitution. *See Tyler v. Hennepin County*, 143 S.Ct. 1369, 1376 (2023).

2. Jerry Baker owned the parcel of land at 245 E Madison Street in Huntington, Oregon (the "Property"), free and clear, when he fell behind on his property taxes beginning in 2013. After Mr. Baker accrued $3,198.43 in property tax debt, the County seized the Property. The County then sold the Property at auction on September 6, 2022 for $38,000, reaping a windfall of $34,801.57. Consistent with the County's longstanding policy, it kept the proceeds from the sale.

3. Jerry Baker seeks monetary damages on behalf of himself and all others similarly situated for violations of their rights under the Fifth and Fourteenth

Amendment to the United States Constitution, and under Article 1, Section 18 the Oregon Constitution.

## PARTIES

4. Plaintiff Jerry Baker is an adult citizen of the United States of America. He brings this suit in his individual capacity.

5. Defendant Baker County is a legal entity formed and/or existing under the laws of the State of Oregon, controlled or operated by its duly designated Board of County Commissioners.

## JURISIDCTION AND VENUE

6. This is a civil action seeking unpaid "just compensation" and other monetary damages against Defendant for violations of the Fifth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

7. This Court has supplemental jurisdiction over Plaintiff's Oregon constitutional claim pursuant to 28 U.S.C § 1367.

8. None of Plaintiff's claims are torts requiring a notice of claim under Oregon Revised Statutes 30.275.

9. Venue is proper under 28 U.S.C. § 1391. Defendant Baker County is a political subdivision located in the Pendleton Division of this District, and the events giving rise to the claims also occurred in the Pendleton Division of this District.

10. Pursuant to Local Rule 3-2, this action is properly assigned to the Pendleton Division of this District.

## STATEMENT OF FACTS

11. On or around August 11, 1999, Mr. Baker purchased the Property.

12. On September 28, 2018, after Mr. Baker accrued a tax delinquency of $3,198.43 (including both the past-due tax amount and compounding interest, fees, penalties, and costs), the County seized ownership of the Property through foreclosure proceedings.

13. On or around September 6, 2022, the County sold the Property for $38,000, a sum that was $34,801.57 in excess of Mr. Baker's tax debt.

14. At the time of the foreclosure sale, the County did not offer any process that would have allowed Mr. Baker to recover the excess proceeds.

15. The County has not issued a refund to Mr. Baker for the surplus proceeds it recouped from the sale of the Property.

16. The County has in identical fashion, and pursuant to its longstanding policy, kept surplus proceeds from the sale of other properties that were seized because of a tax debt. For example, at the same auction where the County sold the Property, it also sold five other properties that it had seized in the same manner. The next year, the County sold three properties in this same manner. The County kept all proceeds of these sales without offering any process for the property owners to recover their remaining equity.

**CLASS ACTION ALLEGATIONS**

17. Plaintiff bring this case as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

18. The Class is defined as: All persons and entities, and any successor in interest, who owned property that Baker County seized to satisfy unpaid property tax debt and sold for more than the amount of the tax debt, since September 7, 2018, until the trial date in this action.

19.     The class members are readily ascertainable: the names and relevant records of the class members are in Defendant's possession.

### Numerosity

20.     The Damages Class includes dozens of members.

21.     Undersigned counsel have identified several individuals who had their property seized and sold by the Baker County in the same manner as Plaintiff during a fraction of the Class Period.

22.     Because joinder of dozens of plaintiffs would be impracticable, the proposed class satisfies the numerosity requirement.

### Commonality

23.     Plaintiff seek relief that is common to the Class and common questions of law and fact exist as to the Class.

24.     Common legal and factual questions arise from one central scheme: Defendant's policy of seizing property based on property tax debt and keeping the surplus proceeds from the sale of the seized property.

25.     Resolution of common legal and factual issues will determine whether Class Members are entitled to the relief that they seek. Among these issues are:

  a. Whether Defendant has a policy of seizing property to satisfy unpaid property tax debt and keeping the surplus proceeds from the sale of the seized property.

  b. Whether it violates the United States constitution to seize property to recover a tax debt and keep the surplus proceeds from the sale of the seized property.

    c. Whether it violates the Oregon constitution to seize property to recover a tax debt and keep the surplus proceeds from the sale of the seized property.

## Typicality

26. Plaintiff's claims are typical of the claims of the members of the Class, and he has the same interests in this case as all other Class Members.

27. The determination of whether Defendant's policy and practice is unlawful in the ways alleged will determine the claims of Plaintiff and every other Class Member.

## Adequacy

28. Plaintiff is capable of fairly and adequately protecting the interests of the Class because Plaintiff does not have any interests antagonistic to the Class.

29. There are no known conflicts of interest among Class Members, all of whom have a similar interest in vindicating their constitutional rights.

30. Plaintiff's counsel are experienced civil rights litigators and have invested significant time and resources investigating the unlawful policies and practices challenged herein.

## Predominance and Superiority

31. Class treatment under Rule 23(b)(3) is appropriate because common questions of law and fact predominate over individual ones and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.

32. For Plaintiff, as well as for the members of the Class, this case turns on what Defendant's policies and practices are and whether those policies are lawful.

33. The common questions listed above are dispositive questions in the case of every Class Member and will predominate over any individual questions.

34. The question of liability can therefore be determined on a class-wide basis. Class-wide treatment of liability, rather than individual suits by dozens of Class Members, is a far superior method of determining the content and legality of Defendant's scheme.

35. The question of damages will be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending on the amount of surplus proceeds Defendant received from the sales of seized properties.

36. These damages can be determined in a ministerial fashion based on Defendant's records.

## CLAIM FOR RELIEF

### Count I
### Taking: Fifth and Fourteenth Amendment
### 42 USC § 1983

37. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

38. Plaintiff brings this claim on his own behalf and on behalf of a class of similarly situated individuals against Defendant.

39. Defendant, acting under color of law and pursuant to its longstanding policy, unconstitutionally retained the surplus proceeds it received from the sale of Plaintiff's property and the properties of other similarly situated individuals.

40. Defendant has not paid or offered to pay Plaintiff and others similarly situated just compensation in the form of the surplus proceeds it recovered from the sale of their properties.

41. Plaintiff and the Class of similarly situated individuals have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

## Count II
## Taking: Article 1 § 18 of the Oregon Constitution

42. Plaintiff realleges and incorporate herein by reference the preceding and any subsequent paragraphs of this Complaint.

43. Plaintiff brings this claim on his own behalf and on behalf of a class of similarly situated individuals against Defendant.

44. Defendant acting under color of law and pursuant to longstanding policies unconstitutionally retained the surplus proceeds they received from the sale of Plaintiff's property and the properties of other similarly situated individuals in violation of Article I, Section 18 the Oregon Constitution.

45. Defendant has not paid Plaintiff and others similarly situated just compensation in the form of the surplus proceeds recovered from the taking and sale of their properties.

46. Plaintiff and the Class of similarly situated individuals have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

## JURY DEMAND

47. For all triable issues, a jury is hereby demanded.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, demand a jury trial for all issues so appropriate and request that this Court order the following relief:

A.  Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representatives for the Class and undersigned counsel as Class Counsel;

B.  Enter a judgment compensating Plaintiff and Class Members for the damages that they suffered as a result of Defendant's unconstitutional and unlawful conduct in an amount to be determined at trial;

C.  Award pre- and post-judgment interest as permitted by law;

D.  Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 1964; and

E.  Grant such other and further relief as this Court deems just and proper.

Date: September 7, 2024                    Respectfully Submitted,

                                           _____/s/_____
                                           Michael Zhang
                                           Qiu-Qiu Law
                                           5020 Martin Luther King Jr. Blvd, Ste S
                                           Portland, OR 97211
                                           michael@qiu-qiulaw.com
                                           908-938-6683

                                           Shakeer Rahman*838 E 6th St
                                           Los Angeles, CA 90021
                                           shakeer@loosr.net
                                           323-546-9236

                                           Akeeb Dami Animashaun*
                                           355 S Grand Ave, Ste 2450
                                           Los Angeles, CA 90071
                                           dami@animashaun.me
                                           929-266-3971

                                           *Pro hac vice application forthcoming

8