IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JERRY BAKER**,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**BAKER COUNTY**,<br><br>　　　　　Defendant. | Case No. 2:24-cv-1503-IM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

**IMMERGUT, District Judge.**

　　　　Before this Court is Defendant Baker County's Motion to Dismiss ("Mot."), ECF 8. Plaintiff Jerry Baker is a former property owner whose land was foreclosed on and sold by Baker County to satisfy a tax delinquency. Complaint ("Compl."), ECF 1 ¶ 12. He alleges Baker County violated the United States and Oregon Constitutions by keeping the surplus after selling the property for more than the amount of tax debt he owed. *Id.* ¶¶ 39, 44. Defendant moves to dismiss Plaintiff's claims as unviable and barred by statute, res judicata, the Oregon Tort Claims Act, and the statute of limitations. Mot., ECF 8. Defendant has not specified whether its motion

PAGE 1 – ORDER ON MOTION TO DISMISS

to dismiss is brought pursuant to a particular subsection of Federal Rule of Civil Procedure 12. This Court will construe the motion as having been brought under Rule 12(b)(6) for failure to state a claim.

Defendant's motion to dismiss is granted in part and denied in part. Consistent with this Court's prior Order and Opinion in *Lynch v. Multnomah County*, No. 3:23-cv-01502-IM, 2024 WL 5238284 (D. Or. Dec. 27, 2024), this Court concludes that Plaintiff states viable takings claims because *Tyler v. Hennepin County*, not *Nelson v. City of New York*, controls this case. As for Defendant's other arguments, this Court concludes that Plaintiff's claims are not precluded by statute, res judicata, or the Oregon Tort Claims Act. Plaintiff's claims accrued at the expiration of the redemption period, which bars his federal takings claim but not his state law takings claim. This Court will exercise supplemental jurisdiction over Plaintiff's remaining state claim.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

PAGE 2 – ORDER ON MOTION TO DISMISS

**BACKGROUND**

Plaintiff owned a parcel of land in Baker County, Oregon. Compl., ECF 1 ¶ 11. He fell behind on his property taxes beginning in 2013, accruing $3,198.43 in total unpaid property taxes by 2018. *Id.* ¶¶ 2, 12. Defendant Baker County foreclosed on the property on September 28, 2018. *Id.* ¶ 12; *Baker County, Oregon v. Tschirgi*, no. 18CV37268, General Judgment (Sept. 28, 2018). On or around September 6, 2022, Baker County sold the property for $38,000, a sum that was $34,801.57 more than Plaintiff's tax debt. Compl., ECF 1 ¶ 13. Plaintiff alleges that Baker County did not offer a process to recover the surplus and has not issued him a refund for the surplus. *Id.* ¶¶ 14–15.

On September 7, 2024, Plaintiff filed suit against Baker County, claiming that its retention of the excess sale proceeds was an uncompensated taking under the Fifth Amendment of the United States Constitution and Article I, Section 18 of the Oregon Constitution. *Id.* ¶ 37–46.

On December 10, 2024, Defendant filed a stipulated motion seeking to extend its time to respond to Plaintiff's complaint. ECF 5. The motion stated that "the legal issues in this case are, for the most part, identical to the issues raised in motions to dismiss now pending in three other cases on file in this court: namely, *Lynch v. Multnomah County*, [Case No.] 3:23-cv-01502-IM; *Sawyer v. Marion County*, Case No. 3:23-cv-01971-IM; and *Gabbert v. Josephine County*, Case No. 1:23-cv-01434-IM." *Id.* at 1–2. Defendant requested that this case "be put on hold for two months, because the rulings on those motions, expected by then, could affect whether some (or any) of plaintiff's claims will proceed." ECF 5 at 2. This Court granted Defendant's motion on December 13, 2024. ECF 7.

On December 27, 2024, this Court denied in part and granted in part the motions to dismiss filed in *Lynch*, *Sawyer*, and *Gabbert*. *See Lynch v. Multnomah County*, 2024 WL

PAGE 3 – ORDER ON MOTION TO DISMISS

5238284. As relevant to this motion, that opinion held: (1) the plaintiffs alleged viable takings claims following the Supreme Court's decision in *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023); (2) the claims were not barred by collateral estoppel, res judicata, or the Oregon Tort Claims Act; (3) the takings claims accrued at the expiration of the statutory redemption period for foreclosed properties; and (4) the statute of limitations is two years for federal claims and six years for state claims. *See id.* at *1.

## DISCUSSION

On February 24, 2025, Defendant filed the instant motion to dismiss, raising mostly the same arguments raised in the motion to dismiss in *Lynch*, which this Court rejected. *See id.* Defendant reasserts those arguments now. Mot., ECF 8 at 1. For the reasons explained below, this Court grants Defendant's motion to dismiss Plaintiff's federal claim as time-barred, but denies the motion to dismiss Plaintiff's state law claim, consistent with its prior reasoning in *Lynch*.

### A. Plaintiff States Viable Takings Claims

Defendant argues Plaintiff fails to state viable takings claims because *Nelson v. City of New York*, 352 U.S. 103 (1956), not *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023), controls this case, and because Plaintiff lost his right to any surplus at foreclosure. This Court rejects these arguments and addresses each in turn.

#### 1. *Tyler* controls

Defendant argues Plaintiff's takings claims are not viable because Oregon's statutory foreclosure scheme is more akin to the one held to be constitutional in *Nelson v. City of New York*, 352 U.S. 103 (1956), than the unconstitutional statutory foreclosure scheme at issue in *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023). Mot., ECF 8 at 6. This Court reaffirms and clarifies its holding in *Lynch* that Oregon's statutory scheme is distinguishable from *Nelson*

PAGE 4 – ORDER ON MOTION TO DISMISS

because it provides no process for the taxpayer to recover the surplus, and is instead akin to the scheme in *Tyler*. *Tyler*, therefore, is controlling.

The ordinance at issue in *Nelson* allowed any person claiming an interest in a foreclosed-upon parcel to serve an answer in the foreclosure proceeding "setting forth in detail the nature and amount of his interest or lien and any defense or objection to the foreclosure." 352 U.S. at 110 n.10. "[U]pon proof of this allegation, a separate sale should be directed so that the owner might receive the surplus." *Id.* at 110. The Supreme Court held the ordinance constitutional because it did not "absolutely preclude[] an owner from obtaining the surplus proceeds of a judicial sale." *Id.*

The Minnesota law at issue in *Tyler* provided that, if the property owner did not timely pay property taxes or redeem the property during the redemption period, "absolute title vests in the State, and the tax debt is extinguished." 1369 S. Ct. at 1373. The Supreme Court held that Minnesota's scheme was a "classic taking" because "[u]nlike in *Nelson*, Minnesota's scheme provides no opportunity for the taxpayer to recover the excess value." *Id.* at 1379.

The Oregon law at issue here provides that "[a]ny person interested in any real property included in the foreclosure list may file an answer and defense to the application for judgment within 30 days after the date of the first publication of the foreclosure list." O.R.S. 312.070. The answer must "specify the particular cause of objection." *id.*, which the Oregon Supreme Court has interpreted to include "any defense" the property owner "believe[s] possesse[s] merit." *Linn Co. v. Rozelle*, 177 Or. 245, 272 (1945). If a person files an answer specifying the cause of their objection, a court will hear the matter "in a summary manner." O.R.S. 312.080.

Defendant suggests that the Oregon law is more akin to the law in *Nelson* than the law in *Tyler* because it "allows the owner of property in foreclosure to object to the loss of any surplus."

PAGE 5 – ORDER ON MOTION TO DISMISS

Mot., ECF 8 at 6. This Court disagrees. While Oregon law, as in *Nelson*, provides an opportunity to raise objections to the foreclosure, it provides no opportunity for a property owner to claim a surplus, as in *Tyler*. The statute in *Nelson* had been construed to allow a property owner who submitted an objection to force a "separate sale" of the property that would allow the owner to recover the surplus. *Nelson*, 352 U.S. at 110. Unlike *Nelson*, Oregon's statute provides no such procedure.

Defendant characterizes *Tyler* as distinguishing *Nelson* on the basis that Minnesota law in *Tyler* "did not allow the owner of property in foreclosure for nonpayment of taxes to *raise an objection* to the loss of surplus." Mot., ECF 8 at 9 (emphasis added). But the core issue in *Tyler* was not merely that a property owner could not object to the loss of surplus; rather, the constitutional problem was that "Minnesota's scheme provide[d] no opportunity for the taxpayer to *recover* the excess value." 143 S. Ct. at 1379 (emphasis added). This distinction matters because, while Oregon law provides an opportunity to raise any objections to the foreclosure, it does not provide a mechanism to recover the surplus. *Cf. Howard v. Macomb County*, 133 F.4th 566, 571–73 (6th Cir. 2025) (describing procedures that allow a property owner to claim remaining sale proceeds).

Indeed, this is why the Oregon legislature enacted House Bill 4056 following the Supreme Court's decision in *Tyler*: to establish a "process by which [a]ny surplus of the proceeds from the sale of property deeded to the county after a property tax lien foreclosure shall be determined." 2024 Or. Laws. ch. 77. Although it is the province of the Court to "say what the law is," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)—as Defendant reminds the Court, and which this Court did in its prior opinion in *Lynch*—this Court notes that the Oregon state legislature appears to agree that no process for recovering a surplus currently exists. If it

did, there would be no need for the legislature to direct counties to establish one now. The State of Oregon has likewise stated its view that Oregon's foreclosure scheme, absent the changes made in House Bill 4056, "would result in an unconstitutional taking of property under *Tyler v. Hennepin County* if excess funds were retained without allowing the homeowner a *process* to claim those funds." Amicus Brief of the State of Oregon, *Lynch*, ECF 80 at 5 (emphasis added).

### 2. Surplus was not lost at foreclosure

Defendant also argues Plaintiff's taking claim is not viable because his surplus was lost at foreclosure. Mot., ECF 8 at 13–15. But as Defendant acknowledges, a surplus exists "at every moment in time." *Id.* at 13–14. It does not disappear just because the property was foreclosed. *Tyler* says nothing about a property owner "losing" a surplus if not raised at foreclosure; to the contrary, it held a property owner is entitled to the surplus after the sale of the property, which necessarily occurs *after* foreclosure. 143 S. Ct. at 1378. This Court already held that the taking occurred at the expiration of the redemption period, not at foreclosure. *See Lynch*, 2024 WL 5238284, at *10–11.

## B. Plaintiff's Claims are Not Precluded

Defendant argues Plaintiff's state and federal claims are precluded by O.R.S. 312.220 and by res judicata. Mot., ECF 8 at 15–20. This Court again concludes that Plaintiff's claims are not precluded. Plaintiff is not challenging the "regularity or validity" of Baker County's tax-foreclosure judgment, so it is not barred by O.R.S. 312.220. Nor is Plaintiff challenging the foreclosure judgment itself, so res judicata does not bar the claim. Instead, Plaintiff is challenging Baker County's alleged taking of sales proceeds that exceeded the tax debt Plaintiff owed. As stated in this Court's opinion in *Lynch*, Plaintiff did not need to raise this challenge during the foreclosure process because the County's decision to retain any surplus—the taking—

PAGE 7 – ORDER ON MOTION TO DISMISS

is not yet final at the time of foreclosure; property owners still have two years after a foreclosure judgment to redeem their properties.[1] 2024 WL 5238284, at *8; *see* O.R.S. 312.120, .200.

Defendant also argues Plaintiff's state law claim is barred by the Oregon Tort Claims Act ("OTCA"). Plaintiff's claims are not precluded by the OTCA because an inverse condemnation action is not a tort action under Oregon law, as this Court held in *Lynch*. *See* 2024 WL 5238284, at *18. Oregon courts have long held that a "tort" within the meaning of the OTCA does not include actions to enforce the state or federal constitutions. *See Vokoun v. City of Lake Oswego*, 189 Or. App. 499, 510 (2003) (stating that "an action for inverse condemnation is not a tort," but rather "an action to enforce the state or federal constitution"); *Cereghino v. State ex rel. State Highway Comm'n*, 230 Or. 439, 443 (1962) (holding takings claims brought under Article I, § 18 of the Oregon Constitution "are not tort actions").

## C.  Plaintiff's State Law Takings Claim is Timely

Defendant argues Plaintiff's federal and state takings claims are untimely. Mot., ECF 8 at 20–25. This Court reaffirms its holding in *Lynch* that the takings claims accrued at the expiration of the state's statutory redemption period. *See* 2024 WL 5238284, at *9. That redemption period is two years from the date of the foreclosure judgment. *See* O.R.S. 312.120(1).

This Court applies a two-year statute of limitations to Plaintiff's federal takings claim. *See Lynch*, 2024 WL 5238284, at *12–13 (applying Oregon's two-year personal injury statute of

---

[1] This is consistent with *Walton v. Neskowin Regional Sanitary Authority*, 372 Or. 331 (2024), *cert. denied*, 145 S. Ct. 1136 (2025). There, the Oregon Supreme Court rejected the plaintiffs' argument that a property owner must request and be denied compensation before the owner can bring a state law takings claim. *Id.* at 354. Instead, the court held that the property owner can "bring such a claim as soon as their property is taken." *Id.* The expiration of the redemption period is not analogous to the denial of a request for compensation; rather, that date is the point the taking becomes complete and "the property owners' rights [are] completely extinguished." *Lynch*, 2024 WL 5238284, at *9.

PAGE 8 – ORDER ON MOTION TO DISMISS

limitations, O.R.S. 12.110(1), to Plaintiff's federal claim brought under § 1983); *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022) (holding § 1983 claims must be brought within the state's statute of limitations for personal injury actions). Plaintiff concedes his federal takings claim is untimely under this Court's holding in *Lynch*. Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF 10, at 4 n.2. His property was foreclosed on September 28, 2018, so the redemption period expired and his claim accrued in September 2020. Compl., ECF 1 ¶ 12. Plaintiff filed suit on September 7, 2024, more than two years after his claim accrued. ECF 1. Plaintiff's federal claim is time-barred and dismissed without leave to amend because amendment would be futile. *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 (9th Cir. 2003).

This Court applies a six-year statute of limitations to Plaintiff's state law takings claim. *Walton v. Neskowin Reg'l Sanitary Auth.*, 372 Or. 331, 349 (2024); *see Lynch*, 2024 WL 5238284, at *16–17 (concluding the six-year statute of limitations under O.R.S. 12.080(3) applies). Plaintiff filed suit within six years of his claim accruing in September 2020, so his state law claim is timely. This Court will exercise supplemental jurisdiction over this claim.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 8, is GRANTED in part and DENIED in part. Plaintiff's federal takings claim is DISMISSED without leave to amend. Plaintiff's state law takings claim is viable and timely, so it may proceed.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 9 – ORDER ON MOTION TO DISMISS